United States District Court
Southern District of Texas
**ENTERED**
August 25, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 2:12-516-1** |
| | § | |
| **JOSE MARIA COVARRUBIAS,** | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Jose Maria Covarrubias' Motion for Compassionate Release Under 18 U.S.C. sec. 3582(c)(1)(A). D.E. 173. For the reasons stated below, the motion is **DENIED**.

## I. BACKGROUND

In 2012, Defendant pled guilty to conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, aiding and abetting possession with intent to distribute 1,068.89 kilograms of marijuana, and aiding and abetting possession with intent to distribute 430.8 kilograms of marijuana. He has served approximately 121 months (61%) of his 200-month sentence and has a projected release date, after good time credit, of December 18, 2026. Defendant now moves the Court for compassionate release for the following reasons: (1) his underlying medical conditions make him particularly vulnerable to severe illness or death from COVID-19; (2) he has already contracted COVID-19 once and still suffers from long-COVID symptoms; (3) he needs shoulder surgery; (4) the conditions of confinement make his sentence more punitive; (5) pending legislation shows society's attitude toward marijuana has changed; (6) his sentence was disproportionately

1

greater than his only codefendant; and (7) he has completed numerous classes and programs in prison. He filed an administrative request for compassionate release with the Warden of FCI McDowell on May 22, 2022, but does not state whether he received a response.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
> *(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy statement when a prisoner, rather than the Bureau of Prisons (BOP), moved for relief under § 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In *Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13

does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 F. App'x 556, 556 (5th Cir. 2020)).[1]

---

1. **(A) Medical Condition of the Defendant.** –
     (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
     (ii) The defendant is—
         (I) suffering from a serious physical or medical condition,
         (II) suffering from a serious functional or cognitive impairment, or
         (III) experiencing deteriorating physical or mental health because of the aging process,

     that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   **(B)  Age of the Defendant.** –
   The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

   **(C)  Family Circumstances.** –
   (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

   **(D)  Other Reasons.** –
   As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Sentencing Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C.

4

§§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak.

*United States v. Koons*, 455 F. Supp. 3d 285, 290 & n.8 (W.D. La. 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

## III. ANALYSIS

### A. Extraordinary and Compelling Reasons

#### 1. COVID-19 Concerns

Defendant states that he already contracted COVID-19 once and complains that crowded prison conditions make him far more susceptible to contracting the virus a second time. Although he claims to be hypertensive and clinically obese, he has offered no evidence that he suffers from any underlying medical condition that would make him particularly vulnerable to severe illness or death from COVID-19 or that it is medically inadvisable for him to receive the COVID-19 vaccine. "The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *Koons*, 455 F.Supp.3d at 291. "General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at 292. Moreover, "[n]ow that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions generally lack merit." *United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021).

#### 2. Long-COVID

Defendant states that he still suffers from long-COVID symptoms, including heart palpitations, fatigue, chest pain, and shortness of breath, which makes it difficult to care for himself in prison. He has offered no evidence he was ever diagnosed with COVID-19, and his medical records indicate that a recent electrocardiogram, carotid artery Doppler study, and chest x-ray were all normal.

6

### 3. Shoulder Surgery

Defendant next claims that he wears a brace for a painful shoulder injury requiring surgery, but the BOP will not refer him for surgery. His medical records show that he was referred for a "brace & limb" consult in 2014; however, there is nothing to indicate that he is currently experiencing any problems with his shoulder.

### 4. Conditions of Confinement

Defendant also complains that the conditions of confinement due to COVID-19 have made his punishment harsher than anticipated at the time of sentencing and "akin to solitary confinement." D.E. 173, p. 9. He states that he has been confined to his two-man cell and unable to go outside for long periods of time; visiting, library, and commissary privileges have been curtailed; and he has been subjected to invasive medical testing and quarantines.[2] With respect to motions for sentence reduction based on COVID-19, "the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person." *Koons*, 455 F. Supp. 3d at 291 (citing *Raia*, 954 F.3d at 597).

### 5. Pending Legislation

Defendant further argues that pending legislation and society's changing attitude toward marijuana are extraordinary and compelling reasons for compassionate release. For

---

2.  Without offering any evidence, Defendant also claims that FCI McDowell has had a long, ongoing outbreak of H. pylori; in mid-January, several inmates and staff were taken to the hospital with carbon monoxide poisoning after a guard disabled the carbon monoxide alarm; the dining area and kitchen are infested by rodents; there was a scabies outbreak in his housing unit; and inmates have been exposed to tuberculosis.

example, the Marijuana Opportunity Reinvestment and Expungement Act ("MORE," H.R. 3617), which decriminalizes marijuana, passed the House of Representatives and was introduced into the Senate (S. 10140). Citing *United States v. McCoy*, 981 F.3d 217 (4th Cir. 2020), Defendant maintains that "Courts legitimately consider, under the extraordinary and compelling reasons for a sentence reduction, that defendants are serving sentences that Congress itself views as dramatically longer than necessary or fair." D.E. 173, p. 10.

The *McCoy* court recognized that "multiple district courts have concluded that the severity of a [18 U.S.C.] § 924(c) sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A)." *McCoy*, 981 F.3d at 285; *see also United States v. Cooper*, 996 F.3d 283, 289 (5th Cir. 2021) (remanding case to the district court "to consider, in the first instance, whether the nonretroactive sentencing changes to [the defendant's] § 924(c) convictions, either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction in sentence.").

Defendant was not sentenced under § 924(c).[3] Moreover, despite society's changing attitude towards marijuana, Congress has not legalized marijuana at this time.

### 6. Sentencing Disparity

Defendant next complains that he received a significantly longer sentence than his only codefendant, Francisco Escobar, who received a sentence of 100 months'

---

3. In 2018, Congress eliminated stacking of enhanced sentences for offenders without a prior conviction under § 924(c) who are charged and convicted of multiple § 924(c) counts in the same criminal action.

imprisonment.[4] Codefendant Escobar was actually sentenced to 120 months for conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and aiding and abetting conspiracy to possess with intent to distribute 436.8 kilograms of marijuana. Not only was Defendant convicted of aiding and abetting possession with intent to distribute an additional 1,068.89 kilograms of marijuana, the Presentence Report (PSR) shows that he received enhancements for being an organizer, leader, manager, or supervisor in the offense and recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.

The Guidelines encompassed all the conduct in which Defendant engaged, and he received a sentence within his advisory range. Sentencing disparity between Defendant and other codefendants who are not similarly-situated does not constitute an extraordinary and compelling reason warranting a sentence reduction.

### 7. Rehabilitative Efforts

Defendant has offered evidence that he has completed numerous educational classes and received multiple certificates for programming. His rehabilitative efforts are commendable; however, while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii).

---

4. Contrary to this assertion, Escobar was not his only codefendant. The record shows that codefendants Lee William Garcia and Luis Felipe Garcia were sentenced to five months and six months' imprisonment, respectively, for making material false, fictitious, and fraudulent statements.

**B. Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors**

In 2015, the Court denied Defendant's motion for a sentence reduction pursuant to U.S.S.G. Amendment 782 based on his aggravating role in the drug trafficking conspiracy. *See* D.E. 142, 144. As detailed in the PSR, his criminal history at the time of sentencing included scored convictions for felony possession of marijuana, aggravated assault with a deadly weapon, and aiding and abetting the illegal entry of an alien, and his unscored history included convictions for unauthorized use of a motor vehicle, criminal mischief, burglary of a vehicle (two convictions), possession of marijuana, and driving with a suspended license (two convictions). He has been disciplined in prison for possessing drugs/alcohol, a hazardous tool, and an unauthorized item.

Based on Defendant's extensive criminal history, the nature and circumstances of the offense of conviction, the weight of the evidence, and the danger to the community that would be posed by Defendant's early release, the Court finds that a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that releasing Defendant more than four years early would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crime. *See* 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

For the reasons set forth above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with § 3553(a) and the applicable policy statements issued by the Sentencing Commission.

Accordingly, Defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) (D.E. 173) is **DENIED**.

   **ORDERED** on  August 25, 2022 .

                _____

                NELVA GONZALES RAMOS
              UNITED STATES DISTRICT JUDGE